:Thomas-James: Brown-Bey©™
c/o THOMAS JAMES BROWN©®™
15216 Carlisle
Detroit, MI 48205
November 28, 2018



David Cetlenski      7017 1450 0001 0367 8752
Executive Director
Police & Fire Retirement System City of Detroit
500 Woodward Ave., Suite 3000
Detroit, Michigan 48226

Stephen Whitlock, Director    7017 1450 0001 0367 8769
INTERNAL REVENUE SERVICE
500 Woodward Ave., Suite 1300
Detroit, Michigan 48226
(313) 628-3722

Dear David Cetlenski:

This is a request under the Freedom of Information Act.

Thomas James Brown hereby requests that you provide me copies of the records
identified and described below – or of records containing the information identified and
described below:
[record descriptions]
- A Complete copies of Fax Documents all 14 pages from IRS to Police and Fire
  Retirement system, dated approximately May 17, 2017, concerning Thomas James
  Brown and Garnishment.
- Court Order giving P&F Retirement System and the City of Detroit the authority to
  make a conversion of my Private Funds.
- All Employment and Retirement records in regard to signed documents and W2's for
  all years from 1985 through 2018.
- All Retirement account activities records including payments and withdrawals from
  account 207641 from 1985 through 2018.

Points of Reference per IRS Codes and US Supreme Court:
(1) THE "NOTICE AND DEMAND" The "nonjudicial" collection authority is wholly dependent upon a
statute (Section 6321) which provides for a lien to automatically arise when a taxpayer fails to make
payment of a tax that is demanded via a "Notice and Demand" under Section 6303. If such "demand" is
not, or cannot be made, then a lien cannot automatically arise and subsequent collection activity cannot
occur. All of the available case law confirms this. In Linwood Blackstone et.al., v. United States of
America, (778 F.Supp 244 [D. Md. 1991]), the Court held that: "The general rule is that no tax lien
arises until the IRS makes a demand for payment. "Without a valid notice and demand, there can be no
tax lien; without a tax lien, the IRS cannot levy against the taxpayer's property ... this Court concludes,
consistent with the views expressed in Berman, Marvel, and Chila that the appropriate "sanction"

against the IRS for its failure to comply with the 6303(a) notice and demand requirement is to take away its awesome non-judicial collection powers." Myrick v. United States, [62-1 USTC 9112], 296 F 2d 312 (5th Cir. 1961).;

(2) The courts have correctly ruled that the provisions of the "Internal Revenue Code" are only "directory in nature" and NOT mandatory. [See Luhring v. Glotzbach, 304 F.2d 360 (4th Cir. 1962); Einhorn v. DeWitt, 618 F.2d 347 (5th Cir. 1980); and United States v. Goldstein, 342 F. Supp. 661 (E.D.N.Y. 1972)]. Courts have also held that the provisions of the "Internal Revenue Manual" are not mandatory and lack the force of law. [See Boulez v. C.I.R., 810 F.2d 209 (D.C. Cir. 1987); United States v. Will, 671 F.2d 963, 967,(6th Cir. 1982)].;

(3) These decisions are, of course, absolutely correct. The fact is, the Manual may not be relied upon as the legal authority for any part of a collection action. The only problem is, that leaves Section 6331(a), as the sole authority for a levy, and as we've just seen, this Section is rather severely limited. So it would seem that the awesome nonjudicial collection powers of the IRS are not as awesome as some IRS IRS officials would like the public to believe. Or is it just another case of the emperor deluding himself. Either way, it doesn't end there! The "Notice and Demand" is another nail in the coffin.;

(4) THE DELEGATION ORDER The authority to "administer" the provisions of Section 6331, regardless of its applicability, is further restricted by national and local "delegation orders" designed to ensure agency compliance with the limited application of the law. As with all authority under the IR Code, it is the Secretary who must administer the provisions for the levy or delegate the authority if and when appropriate. The "delegation orders" that do exist for liens and levies are remarkably limited. Interestingly, the back of the levy form itself also shows a similar peculiarity. On the 668-W levy form, the authority listed includes 6331(b) through 6331(e) but omits the elusive 6331(a) which is the actual authority for a levy and the Section upon which the others rely and refer to. Why is it not cited on the form? In the "delegation order," the remainder of the cite references the "Internal Revenue Manual" which is of course only "directive" in nature. Since it is not the law, it cannot possibly convey actual legal authority. It can only clarify, for the benefit of agents seeking to identify such authority, what that authority is or how it is limited, and whether they would be acting within their authority when administering its provisions. A search of each "delegation order" nationwide reveals that Section 6331(a) has indeed been omitted from each and every one, but then again, if the authority for the levy pertains only to government agencies within the territories (which is what it actually says), then it should certainly come as no surprise that "delegation orders" pertaining to service centers and district offices within the 50 states cannot authorize such a levy. If an agent is puzzled by this, his only other source for clarification is the "Internal Revenue Manual.

(5) THE AUTHORITY FOR THE LEVY The authority to levy is restricted to and contained within Section 6331(a) of the Internal Revenue Code. IRC 6331 - Levy and distraint. (a) Authority of Secretary. If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer (as defined in section 3401(d)) of such officer, employee, or elected official). If the Secretary makes a finding that the collection of such tax is in jeopardy, notice and demand for immediate payment of such tax may be made by the Secretary and, upon failure or refusal to pay such tax, collection thereof by levy shall be lawful without regard to the 10-day period provided in this section. [Emphasis Added] Section 6331 is the only authority in the entire IR Code that provides for the levy of wages and salaries etc., and the "limitation" of that authority should be rather obvious since it pertains ONLY to certain officers, employees, and elected officials of the government and of course, their employer, the government. MORAL RESPONSIBILITY VS. LEGAL OBLIGATION It could be said that the IRS has a moral responsibility, however, in reality, there is a difference between a moral responsibility, and a legal obligation. Therefore, ethical questions may be reduced to the actual "intent" or the "frame of mind" of any given agent who mistakenly exercises such authority. Certainly, the IRS agent has a moral responsibility to refrain from misusing authority, but if he or she is unaware of the limitations of that authority, then technically, the actual legal obligation to make a correct

2

determination and accept that authority (if appropriate) or not accept that authority (if inappropriate) remains that of the third party. It is equally important to understand that despite this ethical "loop hole" which would seem to exonerate and provide an escape for an agent errantly exercising a "presumed" authority, there are other provisions that do hold him responsible for its administration. Specifically, these provisions deal with what are called "delegation orders" because no agent may administer a provision of law without a proper order delegating such authority.

(6) COURT ORDER NECESSARY Page 57(16) of the Internal Revenue Manual entitled "Legal Reference Guide for Revenue Officers" confirms (in the upper right hand corner of the page) that a Court Order (warrant of distraint) is necessary. We say "confirms" because the Manual is merely referring to established principles of law, it is not in and off itself the law that requires it. Moreover, the IR Manual shows that the IRS even agrees with those established principles and encourages their agents to abide by those principles by citing the authority of United States v. O' Dell which says that a proper levy against amounts held as due and owing by employers, banks, stockbrokers, etc., must issue from a warrant of distraint (Court Order) and not by mere notice. The O'Dell Court specifically stated that: "The method of accomplishing a levy ... is the issuing of warrants of distraint ..." and that the Internal Revenue Service must also serve "... with the notice of levy, [a] copy of the warrants of distraint and [the] notice of lien." The court emphasized that the "... Levy is not effected by mere notice." Agents who bother to read the Manual know that the "warrant of distraint" mentioned above, is the Court Order which is required pursuant to IRC 7403.20. IRC 7403 - Action to enforce lien or to subject property to payment of tax (c) Adjudication and decree: The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property. In a more recent decision involving the tax indebtedness of Stephens Equipment Co., Inc., debtor," (54 BR, 626 [D.C. 1985]), the court said: "The role of the district court in issuing an order for the seizure of property in satisfaction of tax indebtedness is substantially similar to the court's role in issuing a criminal search warrant. In either case, there must be a sufficient showing of probable cause." More importantly, the court held that in order to substantiate such an Order, the IRS must present the court with certain validation. The court stated that "... to effect a levy on the taxpayer's property [an Order] must contain specific facts providing the following information: An assessment of tax has been made against the taxpayer, including the date on which the assessment was made, the amount of the assessment, and the taxable period for which the assessment was made; Notice and demand have been properly made, including the date of such notice and demand and the manner in which notice was given and demand made; The taxpayer has neglected or refused to pay said assessment within ten days after notice and demand; ... Property, subject to seizure and particularly described presently exists at the premises sought to be searched and that said property either belongs to the taxpayer or is property upon which a lien exists for the payment of the taxes; and Facts establishing that probable cause exists to believe that the taxpayer is liable for the tax assessed. Is it any wonder that the IRS cannot seek a Court Order? Nevertheless, the "Court Order" is a statutory requirement for the levy procedure because it establishes the validity of the IRS's claim to the third party to whom the levy is presented. Proper procedures assure the third party that the lien and subsequent levy have been executed in a lawful manner. The "Court Order" also protects the third party from a liability which may arise under C.F.R. 26 (Code of Federal Regulations) 301.6332-1(c) which states in part: "... Any person who mistakenly surrenders to the United States property or rights to property not properly subject to levy [i.e., the bank manager] is not relieved from liability to a third party who owns the property ..." And, the Court Order prevents some agent from taking a "shortcut" as previously discussed. These details were brought to the attention of a corporation who had received a "Notice of Levy" on one its employees by the Fellowship's National Worker's Rights Committee (NWRC). The NWRC not only wrote to the employer, but in a telephone conversation, one of our paralegals explained the limited nature of the authority of Section 6331(a). The president of the corporation was amazed and wrote to the IRS agent who had issued the levy to inform him that they were not a federal "employer" as mentioned within that Section and that they could not honor a levy without proper authority. The agent began to harass the president of the corporation by paying a visit to each of his neighbors but the president would not budge. Instead, the president of the corporation informed the agent that if he did not stop harassing him, he would sue the agent, whereupon, the agent backed off. It is amazing what happens when people insist that the IRS obey the law, but what is more amazing is that more and more people are doing this each and every day and the political pressure is now becoming impossible for the IRS to

3



ignore. According to former Commissioner Shirley Peterson in a speech before the National Association of Enrolled Agents in Nevada, on August 26, 1993, as of this year, 1 in 5 people have now stopped filing and the situation is out of control. We would say just the opposite - it is finally becoming controllable because the public seems to have developed the will to know the law and confine the IRS within the law.

Please also provide any and all documentation related to such records, including but not limited to Court Order, Delegation of Authority, Power of Attorney authorizing the P&F Retirement System to act on my behave, Document that shows that I am a Tax Payer, Any signed documents that I have contracted with the IRS, and any document that I have authorized any Government agency to act on my private affairs.

Please respond within 10 working days, as the Act provides, or notify me if "unusual" or "exceptional" circumstances apply (as the Act uses those terms).

If you decide to withhold an exempt portion of any record, please release all other segregable parts. If you withhold any record or portion of a record, please specify which statutory exemptions are claimed for each withholding. Please separately state your reasons for not invoking your discretion, as the Act allows, to release the requested information. Please describe each record withheld, including its date and size (e.g., amount of electronic memory or number of paper pages).

If you have any questions about any portion of this request, please contact me at 248-385-7250.

Thank you for your attention to this request.

Sincerely,

Thomas-James: Brown-Bey
c/o THOMAS JAMES BROWN
15216 Carlisle
Detroit, MI 48205-9998
248-385-7250

STATE OF MICHIGAN )
COUNTY OF MACOMB )

On November 29th 2018 before me Thomas Brown personally appeared Thomas James Brown personally known to me (proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed same in his authorized capacity, and that by his signature on the instrument the person or the entity upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

Signature of Notary: _____

SCOTT AUSTIN
NOTARY PUBLIC, STATE OF MI
COUNTY OF MACOMB
MY COMMISSION EXPIRES Oct 26, 2022
ACTING IN COUNTY OF

4



# USPS Tracking®

FAQs > (https://www.usps.com/faqs/uspstracking-faqs.htm)

Track Another Package +

Tracking Number: 70171450000103678769

Your item was delivered to the front desk, reception area, or mail room at 12:27 pm on December 4, 2018 in DETROIT, MI 48226.

## ✅ Delivered

December 4, 2018 at 12:27 pm
Delivered, Front Desk/Reception/Mail Room
DETROIT, MI 48226

Tracking History

Product Information

See Less ∧

Tracking Number: 70171450000103678752

Your item was delivered to the front desk, reception area, or mail room at 12:24 pm on December 4, 2018 in DETROIT, MI 48226.

## ✅ Delivered

December 4, 2018 at 12:24 pm
Delivered, Front Desk/Reception/Mail Room
DETROIT, MI 48226

See More ∨



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®.
DETROIT, MI 48226
OFFICIAL USE
Certified Mail Fee $3.45
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)    $0.00
☐ Return Receipt (electronic)   $0.00
☐ Certified Mail Restricted Delivery $0.00
☐ Adult Signature Required      $0.00
☐ Adult Signature Restricted Delivery $
Postage $0.50
Total Postage and Fees $3.95
Sent To David Cellenski, Die
Street and Apt. No., or PO Box No. 500 Woodward Ave, STE 3000
City, State, ZIP+4® Detroit, MI 48226
NOV 29 2018
11/29/2018
0205
21
PS Form 3800, April 2015 PSN 7530-02-000-9047  See Reverse for Instructions

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®.
DETROIT, MI 48226
OFFICIAL USE
Certified Mail Fee $3.45
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)    $0.00
☐ Return Receipt (electronic)   $0.00
☐ Certified Mail Restricted Delivery $0.00
☐ Adult Signature Required      $0.00
☐ Adult Signature Restricted Delivery $
Postage $0.50
Total Postage and Fees $3.95
Sent To Internal Revenue Service
Street and Apt. No., or PO Box No. 500 Woodward Ave, Ste 1300
City, State, ZIP+4® Detroit, MI 48226
NOV postmark
11/29/2018
0205
21
PS Form 3800, April 2015 PSN 7530-02-000-9047  See Reverse for Instructions







David Cetlenski, Director
Police & Fire Retirement System
500 Woodward Ave, Suite 3000
Detroit, Michigan 48226

Personal & Confidential (*)





CERTIFIED MAIL

7017 1450 0001 0367 8769
7017 1450 0001 0367 8769

Stephen Whitlock, Director
Internal Revenue Service—Detroit
500 Woodward Ave, Suite 1300
Detroit, Michigan 48226

Personal & Confidential*

# USPS Tracking®

FAQs ❭ (https://www.usps.com/faqs/uspstracking-faqs.htm)

Track Another Package +

Remove ✕

**Tracking Number:** 70171450000103678752

**Expected Delivery on**

# TUESDAY
# 4   DECEMBER 2018 ⓘ   by   8:00pm ⓘ

## ⊘ Delivered

December 4, 2018 at 12:24 pm
Delivered, Front Desk/Reception/Mail Room
DETROIT, MI 48226

### Tracking History

**December 4, 2018, 12:24 pm**
Delivered, Front Desk/Reception/Mail Room
DETROIT, MI 48226
Your item was delivered to the front desk, reception area, or mail room at 12:24 pm on December 4, 2018 in DETROIT, MI 48226.

**December 4, 2018, 8:34 am**
Out for Delivery
DETROIT, MI 48226

**December 4, 2018, 8:24 am**
Sorting Complete
DETROIT, MI 48226

**December 4, 2018, 8:58 am**
Arrived at Unit
DETROIT, MI 48216

**December 3, 2018**
In Transit to Next Facility

**November 30, 2018, 11:51 pm**
Departed USPS Regional Facility
DETROIT MI DISTRIBUTION CENTER

**November 30, 2018, 10:34 am**
Arrived at USPS Regional Facility
DETROIT MI DISTRIBUTION CENTER

**November 29, 2018, 9:48 pm**
Arrived at USPS Regional Facility
PONTIAC MI DISTRIBUTION CENTER

**November 29, 2018, 2:50 pm**
USPS in possession of item
DETROIT, MI 48205

**Product Information** ∧

**Postal Product:**
First-Class Mail®

**Features:**
Certified Mail™

See Less ∧

Feedback

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**