RECEIVED
FEB 0 2 2018
RETIREMENT SYSTEMS

SUPERIOR COURT OF MICHIGAN
COUNTY OF WAYNE

Thomas-James: Brown-Bey )  CASE NO.
    Counter-plaintiff )
 )
v. )
 )
Lisa Patterson )
 ) VERIFIED CLAIM FOR FRAUD
Cassandra Childress ) AND ABUSE OF PROCESS
 )
David Cetlinski )
 )
INTERNAL REVENUE SERVICE )
 )
POLICE & FIRE RETIREMENT SYSTEM )
 )
CITY OF DETROIT

    Counter-Defendant(s)

## VERIFIED CLAIM FOR FRAUD AND ABUSE OF PROCESS

1. Fraud
2. Abuse of Process

COMES NOW, Thomas-James: Brown-Bey, one of the people in this court of record, hereinafter Counter-plaintiff, per MCR Rules 2-117 and 2-603 and brings this claim for judgment as there are no material facts in dispute:

### SUMMARY OF ACTION

This is a case involving fraud, and abuse of process by Defendants. By the complaint Counter-Plaintiff seeks monetary and statutory damages for Defendants violation of state and federal criminal codes, monetary damages for Counter-defendant's fraud upon Counter-Plaintiff and restitutionary relief for Counter-defendant Cassandra Childress's violation of the unalienable rights of Counter-plaintiff.

### PARTIES

Counter-plaintiff is an individual domiciled in Wayne County, Michigan

INTERNAL REVENUE SERVICE is a non-existent Defendant, however non-existent Defendant filed suit and was awarded judgment in the instant case.

IRS is a non-existent Defendant, however non-existent Defendant is named in the instant case where judgment was awarded to City of Detroit, a non-existent entity.

City of Detroit is a Michigan Municipality Corporation domiciled in Michigan formed on August 5, 1824.

Defendant Cassandra Childress, POLICE & FIRE RETIREMENT SYSTEM PAYMASTER upon information and belief is a person residing and doing business in Wayne County, Michigan

Defendant Lisa Patterson upon information and belief is a person residing and doing business in Oakland County, Michigan.

Defendant David Cetlinski upon information and belief is a person residing and doing business in Wayne County, Michigan.

## JURISDICTION AND VENUE

The events which form the basis of this complaint occurred in Wayne County, State of Michigan and within the jurisdiction of this court.

Jurisdiction is proper in this court because at least one of the Defendants are located in this judicial district. Defendants upon information and belief do business within this judicial district and the amount in controversy is more than $30,000,000.00.

## STATEMENT OF FACTS

1. Defendant Cassandra Childress POLICE $ FIRE RETIREMENT SYSTEM PAYMASTER filed suit for alleged breach of contract and alleged damages on behalf of IRS, a non-existent US entity on May 18, 2017.

2. Defendant Cassandra Childress POLICE $ FIRE RETIREMENT SYSTEM PAYMASTER violated MCR Rule 2-603. City of Detroit is a non-existent entity therefore lacks the capacity to bring suit.

3. Void judgment in favor of City of Detroit (a non-existent entity) was entered in error on or about May 12, 2017.

4. Non-existent Entity City of Detroit lacked standing and the court lacked jurisdiction to enter said void judgment.

5. Public record evidence shows Defendants failed/refused to produce any admissible evidence to support a proof of claim as the basis for the judgment entered against Counter-plaintiff.

6. Per MCR Rule 6-110 "Whenever it appears that the defendants lacks jurisdiction of the subject matter, the defendants shall dismiss the action."



7. Said judgment is void ab initio as City of Detroit is a non-existent entity in MI, pursuant MCR Rule Civ. P 2-101, 2-102.

8. Cassandra Childress violated MCR Rule 2-201(b)- "Every action shall be prosecuted in the name of the real party in interest…"

9. There is no real party in interest since the 3 different entities named in the complaint Defendants filed (City of Detroit , P&F Retirement System, IRS ) were non-existent at time of filing suit or forfeited MI entities with no legal authority to do business or file any suit in Michigan courts.

10. City of Detroit, (a MI entity forfeited in 2013) was the alleged entity that filed the fraudulent suit and was named in the Application and Affidavit in Support of Judgment against Counter-plaintiffs by and through its agent Cassandra Childress, POLICE & FIRE RETIREMENT SYSTEM PAYMASTER. (Exhibit 1)

11. P&F Retirement Systems (non-existent entity at time of filing of complaint) was named on the Return of Service, dated on or about, May 26, 2017 signed by Process Server and attached to the Request for Show Cause Order for Contempt naming POLICE & FIRE RETIREMENT  as Plaintiff (non-existent entity). (Exhibit 2)

12. Counter-plaintiff noticed the person who was presumably IRS Agent (she would not identify himself) at the time that he has the wrong parties and that the entity he serving process for does not exist in Michigan, the suit is not valid and that he is participating in a fraud.

13. The person, presumably Paymaster, chose to ignore this notice, despite prima facie evidence that the entity named on the Return of Service, City of Detroit (non-existent MI entity) was not the same as Plaintiff named on the Request for Show Cause Order For Contempt, City of Detroit  (forfeited MI entity).

14. There is no record of a substitution of parties nor is there any notice in the record per the following rules.

15. Per MCR Rule 2-202 *Substitution.-* The proper person may be substituted for a party who: If a corporation, dissolves, forfeits its charter, merges, or consolidates.

16. MCR Rule 2-202 *Procedure.-* "Any party to the action, any other person affected by the action, the successors or representatives of the party, or the court may file a notice in the action…"

17. Counter-plaintiff is of the belief that before a claimant would be permitted to bring suit, the clerk of court and/or the judge in said case would confirm that plaintiff had a sufficiency of

pleadings; (that the court had subject matter jurisdiction) and that alleged plaintiff is the real party in interest.

18. Neither Lisa Patterson, IRS Agent, Cassandra Childress, POLICE & FIRE RETIREMENT SYSTEM PAYMASTER, David Cetlinski, POLICE & FIRE RETIREMENT SYSTEM DIRECTOR, INTERNAL REVENUE SERVICE, CITY OF DETROIT or STATE OF MICHIGAN have ever possessed, do not now possess, nor ever will possess any validated, substantiated, and authenticated proof of claim.

19. Since Defendants do not possess an enforceable original, genuine, wet ink signature contract with Counter-plaintiffs, they did not comply with MI MCR 2-003 Courts and Judicial Proceedings, therefore the court lacked subject matter jurisdiction to render said void judgment.

20. Defendants failed to comply with MCR Rule 6 002 *Construction of pleadings.*- All pleadings shall be so construed as to do substantial justice. Fraud does not equate with justice.

21. Since no contract existed between the parties there was no breach of contract.

22. Since there is no contract and no breach, neither Lisa Patterson, Cassandra Childress, City of Detroit , Internal Revenue Service  or State of Michigan have suffered any injury or damages.

23. Defendants offered no credible, admissible evidence other than copies, which are inadmissible per MCR Rules of Evidence 6-002- Requirement of Original and MCR Rule of Civ.P 2-603 Demand for Proof.

24. Defendants offered no competent fact witness with firsthand knowledge as to any alleged facts in Defendants' sham complaint.

25. Counter-plaintiff has entered public record fact evidence that clearly shows the fraud upon the court brought by Defendants in an attempt to illegally extort money from Counter-plaintiff through abuse of process, abuse of Lisa Patterson and Cassandra Childress role as an officer of the court, and an abuse of the courts to further Lisa Patterson and Cassandra Childress own ends.

26. The ends Defendants sought were to mislead this court and to illegally extort money from Counter-plaintiffs through threat, duress, intimidation and coercion and illegal acts, including false arrest of his funds based upon a void Order for Contempt through use of the courts and POLICE & FIRE RETIREMENT SYSTEM.

27. Counter-plaintiff is the document custodian of the original wet ink signature documents written to the public record as evidence.

28. Counter-plaintiff has personal firsthand knowledge of the facts in this case and will provide the original wet ink signature documents for inspection and copying by the court at hearing if necessary.

29. On or about May 26, 2017 Counter-plaintiff entered "Defendant's Answer to Court's Order to Show Cause" into their claim.

30. It is common knowledge that crooked "debt" collectors will routinely collect on alleged judgments and fail/refuse to report the "debt" as satisfied.

31. It is due to this <u>fact</u> that a neutral third party escrow agent is employed to collect and exchange Defendant's tender of payment upon alleged "debt" collector's validated, substantiated and authenticated proof of claim, as is Defendant's right, per MCR Rule 5-104 Demand For Proof.

32. On May 13, 2017, Lisa Patterson and Cassandra Childress, named in Counter-plaintiff's administrative remedy "Conditional Acceptance of Your Offer/Claim/Judgment Order charging me to pay $196,000.00 or face possible garnishment attachment (ARREST WARRANT); the Terms of Contract" was duly served by USPS Registered Mail # **7016 2710 0000 5925 5851, Return Receipt # 9590 9403 0634 5183 5496 34**, with notice to collect the funds held in Escrow and to produce the original wet ink signature contract allegedly held by CITY OF DETROIT and IRS as required by law. (Exhibit 3)

33. Cassandra Childress was Noticed "...that once the escrow agent is in receipt of my tender of payment in the amount of $196,000.00, if CITY OF DETROIT and IRS should fail to **immediately** produce the original purported contract, and the sworn testimony of your competent fact witness, you agree to immediately release your claim for $196,000.00 due to your fraud. Moreover, **you also agree to immediately pay me treble damages**: That would be three times the original amount tendered. So, if I tender $196,000.00 and you fail to produce the original purported contract and/or fail to collect said tender within 10 days of your receipt of notice from the Escrow Agent, or if you attempt to collect but fail to produce the original purported contract, and testimony, **you agree to immediately pay me $588,000.00**. Should you fail to immediately pay me **$588,000.00** you agree to grant me Power of Attorney to handle this business for CITY OF DETROIT and IRS, and its senior officers as well as grant me a lien against all property held by you and the senior officers of CITY OF DETROIT, POLICE & FIRE RETIREMENT SYSTEM & IRS. You agree that I may collect by selling off your property and CITY OF DETROIT, POLICE & FIRE RETIREMENT SYSTEM & IRS property without your protest and without further notice to you."

34. On or about January 26, 2018 Cassandra Childress was served a second notice by USPS Agent Certified Mail No. 7015 1730 0000 4708 3754, via Hand Delivery to P&F

RETIREMENT. Re: Funds in the amount of $588,000.00 to include costs and fees held in Escrow for CITY OF DETROIT to settle Claim; Original Contract Requested and Required for Release of funds; Funds Available until January 26th, 2018. (Exhibit 4)

35. Said Notice set forth terms, *inter alia*, that Lisa Patterson (as agent for City of Detroit ) would collect $196,000.00 held in escrow and return Defendant's genuine, original contract, or else stipulate that it did not have said contract (the basis of its claim), and had no right to collect.

36. That 3 days for Lisa Patterson and Cassandra Childress (as agent for City of Detroit ) to withdraw the complaint and/or demand for payment and refuse Thomas-James: Brown-Bey self-executing contract expired on May 26th, 2017.

37. That 10 days to collect the $196,000.00 (alleged judgment amount plus costs and fees) and produce the original genuine wet ink contract held by City of Detroit , concluded on January 12th, 2018.

38. Lisa Patterson and Cassandra Childress (as agent for City of Detroit) failed to withdraw its/their offer, and agreed to be bound by the terms of the agreement, i.e. to produce the original genuine wet ink contract, or else agree that it did not have the contract, had no right to collect, and was engaged in a fraud against Counter-Plaintiff.

39. A NOTICE OF FAULT was mailed by Escrow Agent via Hand Delivery and Certified Mail # 7015 1730 0000 5925 5936 to Cassandra Childress and David Cetlinski on or about January 26, 2018 and February 1, 2018. (Exhibit 5)

40. That the evidence from the USPS shows that respondent Cassandra Childress and David Cetlinski accepted the NOTICE OF FAULT. Said notice was returned to Escrow Agent on or about January 26, 2018.

41. On or about January 26, 2018, Cassandra Childress and David Cetlinski was served said NOTICE OF FAULT via USPS first class mail due to Cassandra Childress & Lisa Patterson accepted and receive said notice via Certified Mail.

42. On or about May 26, 2017 Lisa Patterson was served via USPS First Class Mail by a NOTICE OF COUNTERFEIT SECURITY/ NOTICE OF CONDITIONAL ACCEPTANCE PENDING PROOF OF CLAIM (Exhibit 6) with 10 days to respond "Your failure to respond, within 10 days, as stipulated below, and rebut, with particularity, everything in this letter with which you disagree is your lawful, legal and binding agreement with and admission to the fact that everything in this letter is true, correct, legal, lawful and binding upon you, in any court, anywhere in America: without your protest or objection or that of those who represent you. Your silence is your acquiescence. See: *Connally v. General Construction Co.*, 269 U.S. 385, 391. Notification of legal responsibility is "the first essential of due process of law." Also, see: *U.S. v. Tweel*, 550 F.

2d. 297. "Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading." (Exhibit 6)

43. That 10 days to respond to Counter-plaintiff's NOTICE OF COUNTERFEIT SECURITY/ NOTICE OF CONDITIONAL ACCEPTANCE PENDING PROOF OF CLAIM expired on or about May 26, 2018 with 3 days allowed for mailing. Said notice is public record evidence.

44. Lisa Patterson (as agent for City of Detroit ) had Notice and Opportunity on four separate occasions to collect Counter-plaintiff's tender of payment of $ 196,000.00 and to produce Counter-plaintiff's original genuine wet-ink signature contract with City of Detroit (a non-existent MI entity) as required by law.

45. Lisa Patterson failed to collect and failed to produce the original alleged contract, thereby agreeing that neither City of Detroit (a nonexistent MI entity) nor Lisa Patterson is in possession of any original genuine wet ink signature contract with Defendants, and therefore had no right to file any action in any court, and is engaged in a fraud against Counter-plaintiff.

46. Ms. Brown, escrow agent, executed a sworn affidavit that Lisa Patterson as agent for City of Detroit (a nonexistent MI entity), failed to collect the funds and failed to produce the original genuine contract and is in default. Said notice of default is public record evidence. (Exhibit 7)

47. Lisa Patterson failure to collect said funds and produce the original genuine, wet ink signature contract with either LISA PATTERSON, CASSANDRA CHILDRESS, STATE OF MICHIGAN or CITY OF DETROIT (a nonexistent MI entity) as is her duty, is prima facie evidence of Lisa Patterson, Cassandra Childress and CITY OF DETROIT 's fraud against Counter-plaintiff.

48. Lisa Patterson, Cassandra Childress and City of Detroit failed to rebut its/their default per the sworn affidavit of Thomas-James: Brown-Bey, and failed to rebut Counter-plaintiff's Notice of Counterfeit Security, thereby admitting to committing fraud against Counter-plaintiff. Said documents are both public record evidence.

49. After repeated notices and opportunities for Cassandra Childress, POLICE $ FIRE RETIREMENT SYSTEM PAYMASTER to withdraw his fraudulent claim he continued to threaten incarceration/ body attachment if Counter-plaintiff did not pay his extortion demand through use of the POLICE & FIRE RETIREMENT SYSTEM and CITY OF DETROIT in direct violation of his oath of office to bring no false claim. (Exhibit 8)

50. IRS AGENT Lisa Patterson and DIRECTOR David Cetlinski were duly noticed of the crimes committed by Cassandra Childress, POLICE & FIRE RETIREMENT SYSTEM PAYMASTER via certified mail on May 26, 2017 and January 26, 2018 respectively and

had a duty to investigate or report those crimes under Title 18 USC Sec4 Mis-prison of Felony. (Exhibit 9)

51. Said Notice laid out in explicit detail with public record evidence compiled from on or about May 17, 2017 to January 12, 2018, the crimes committed by Lisa Patterson, IRS AGENT, Cassandra Childress, POLICE & FIRE RETIREMENT SYSTEM PAYMASTER, an David Cetlinski, DIRECTOR POLICE & FIRE RETIREMENT SYSTEM, against Counter-plaintiff.

52. Clerk signed the certified mail card addressed to Lisa Patterson on or about or May 28, 2017.

53. The Attachment for Contempt/ Arrest Warrant for Counter-plaintiff was signed by Clerk for Lisa Patterson on or about May 17, 2017, the exact same day POLICE & FIRE RETIREMENT was noticed.

54. Counter-plaintiff believes the inference can be made from the evidence of repeated prior extortion threats by Counter-defendant Cassandra Childress, that it is not a coincidence that the Attachment for Contempt was signed the *same day* as the Notice by Affidavit of Felony Crime was signed for by Clerk on behalf of POLICE & FIRE RETIREMENT.

55. Counter-plaintiff believes that based on the evidence of prior extortion threats, Counter-defendant Cassandra Childress was notified of the criminal charges reported against her, and filed the body attachment as retaliation against Counter-plaintiff for exposing Lisa Patterson and Cassandra Childress's fraud.

56. Cassandra Childress served the arrest warrant/ funds attachment on or about May 26, 2017 at approximately 1 p.m.

57. Cassandra Childress were noticed by Counter-plaintiff of the fact that the body attachment was a mistake, and an unlawful and illegal retaliation against Counter-plaintiff.

58. The Cassandra Childress were given the original wet ink signature Notice by Affidavit of Felony Crime to review along with supporting public record fact evidence as proof of Counter-plaintiff's statements.

59. Cassandra Childress were noticed to correct their mistake or they would be involved in false arrest of Counter-plaintiff.

60. Cassandra Childress appeared to contact whom he said to be his sergeant and was told the Attachment for Contempt was to be carried out.



61. Cassandra Childress have sworn an oath of office to uphold Counter-plaintiff's rights under the MI Constitution and have violated Counter-plaintiff's rights after notice and opportunity on two separate occasions not to do so.

62. Counter-plaintiff believes Cassandra Childress were unwitting accomplices in Defendant's fraud and attempted extortion of Counter-plaintiff.

63. Defendants came into court with unclean hands and brought a fraud upon the court, and upon Counter-plaintiff with no legal authority to do so, resulting in the illegal arrest and kidnapping of Counter-plaintiff based upon a void court order.

## FIRST CAUSE OF ACTION
## FRAUD

Counter-plaintiff incorporates by reference, as though fully set forth herein, Paragraphs 1 through 63 inclusive, of this complaint.

Defendants owed Counter-plaintiff a legal duty to exercise reasonable care to not bring a false suit. In the case of Cassandra Childress, POLICE & FIRE RETIREMENT SYSTEM, as an officer of the court, she had a duty to conform to a higher standard of care to bring no false suit.

Litigants are expected to "investigate their claims before filing a complaint so that they have a basis at the outset to make particularized factual allegations in the complaint." White v. Panic, 783 A.2d 543, 555-56 (Del. 2001).

Lisa Patterson breached her duty by failing to investigate Defendants' claim, filing a false suit, where multiple named Counter-plaintiffs were non-existent or forfeited entities, and no contract existed between the named parties.

Counter-plaintiff has lost several productive hours (at least 250 days) defending against the fraudulent suit brought by Counter-defendants, suffered economic loss, hardship, emotional distress, and has suffered a strained relationship with Counter-plaintiff's spouse as a result of Counter-defendants fraud.

Defendants made multiple false statements that are public record prima facie evidence of Defendant's fraud against Counter-plaintiff and fraud upon the court.

Defendants false statements are material in that the false statements resulted in a fraudulent judgment being entered against Counter-plaintiff, which resulted in the illegal incarceration of Counter-plaintiff when Defendants knew their statements were false at the time they were made.

Defendants intended the court, the Cassandra Childress, and Counter-plaintiff to act in reliance on the false statement.

Counter-plaintiff exposed Defendants' fraud, noticed Defendants on multiple occasions to withdraw its/their fraudulent claim, yet Defendants continued to pursue their fraud in willful disregard for Counter-plaintiffs rights and violation of the law.



1. The City of Detroit and the POLICE & FIRE RETIREMENT SYSTEM did act on those false statements resulting in the illegal incarceration of Counter-plaintiff.

2. Defendants false statements were made in bad faith with reckless disregard for the law, and Counter-plaintiff suffered damages as a direct result of Defendants' fraud.

## SECOND CAUSE OF ACTION
## ABUSE OF PROCESS

3. Counter-plaintiff incorporates by reference, as though fully set forth herein, Paragraphs 1 through 63 inclusive, of this complaint.

4. Defendants illegally perverted the legal system against Counter-plaintiff for personal gain.

5. Defendants had the ulterior motive of extorting money based on a sham complaint where the party named as Counter-defendant (City of Detroit) in Defendants' suit did not exist.

6. Defendants were warned on multiple occasions to withdraw their fraudulent claim.

7. Defendants failed and refused to withdraw and continued to abuse the legal system for their personal gain.

8. Cassandra Childress, POLICE & FIRE RETIREMENT SYSTEM PAYMASTER, as an officer of the court, abused her position, perjured his oath to bring no false claim, and violated multiple criminal statutes resulting in the illegal incarceration of Counter-plaintiff.

9. Counter-plaintiff suffered loss of income, loss of time away from family, loss of property, loss of economic loss, defamation of character, false imprisonment, extortion, violation of due process, humiliation, and emotional distress due to his health and his Sick Sister who tried to be a witness to the Fraud that was being done to the Counter-plaintiff and Counter-plaintiff being illegally arrested and kidnapped by two sheriff's deputies armed with guns and handcuffs.

10. Due to the discovery of various elements of fraud, fraudulent misrepresentation, and extortion resulting in the deprivation of our property by Defendants' wrongful actions, Counter-plaintiff was injured as a direct and proximate result of Defendants' actions.

11. There are no issues of material fact in dispute.

12. This matter has been well settled with ample evidence.

13. Defendants are estopped from uttering any oral or written objection, statement, motion or any other writing in this matter due to their failure/refusal to answer Counter-plaintiff's repeated demands for proof of claim.

14. Silence is acquiescence where there is a legal duty to answer. (Lisa Patterson is an officer of the court with a duty to answer). See: *Connally v. General Construction Co.*, 269 U.S. 385, 391. Notification of legal responsibility is "the first essential of due process of law." Also, see: U.S.

v. *Tweel*, 550 F. 2d. 297. "Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading."

Bean v. Steuart Petroleum Co., 244 MI. 459, 1966 MI. LEXIS 454 (MI., November 17, 1966, Decided) "…It would appear that this Court relaxed its view that mere silence is insufficient to create an estoppel and that other misleading action coupled with the silence on the part of the party to be estopped is needed in order to find estoppel in pais.."

WISER v. LAWLER, No. 174, 189 U.S. 260; 23 S. Ct. 624; 47 L. Ed. 802; 1903 U.S. LEXIS 1349 Argued February 25, 26, 1903. April 27, 1903, Decided. "To constitute an estoppel by silence there must be something more than an opportunity to speak. There must be an obligation. This principle applies with peculiar force where the persons to whom notice should be given are unknown.

The authorities recognize a distinction between mere silence and a deceptive silence accompanied by an intention to defraud, which amounts to a positive beguilement.

In all of the cases holding a party to be estopped by his silence, the silence operated as a fraud and actually itself misled. In all there is both the specific opportunity and apparent duty to speak. And, in all, the party maintaining silence knows that some one else is relying upon that silence, and either acting or about to act as he would not have done had the truth been told. These elements are essential to create a duty to speak."

Ganley v. G & W Ltd. Partnership, 44 MI. App. 568, 1980 MI. App. LEXIS 211 (MI. Ct. Spec. App., January 11, 1980, Decided )

"Estoppel is cognizable at common law either as a defense to a cause of action, or to avoid a defense. There may be an estoppel to prevent a party from relying upon a right of property or contract, or of remedy both at law or in equity. Equitable estoppel operates as a technical rule of law to prevent a party from asserting his rights where it would be inequitable and unconscionable to assert those rights. It is essential for the application of the doctrine of equitable estoppel that the party claiming the benefit of the estoppel must have been misled to his injury and changed his position for the worse, having believed and relied on the representations of the party sought to be estopped. Mere silence will generally not raise an estoppel against a silent party. **The doctrine is only applicable when there is a duty imposed upon the party remaining silent to speak.** Whether an estoppel exists is a question of fact to be determined in each case."

Per MCR Rule 2-400 "When a motion for judgment is made under any other circumstances, the court shall consider all evidence and inferences in the light most favorable to the party against whom the motion is made."

Considering the overwhelming, un-rebutted, public record fact evidence, and that Defendants are estopped from uttering any oral or written response, it is proper for the court, with regard for

Rule 2-400 to award judgment in favor of Counter-plaintiff sua sponte, with no need for a hearing on this matter.

WHEREFORE, Counter-plaintiff demands judgment as follows:

### FIRST CAUSE OF ACTION

For general damages according to proof of Defendants' fraud;

For punitive damages;

### SECOND CAUSE OF ACTION

For general damages, including treble damages of $80,500,000.00 according to proof of Defendants abuse of process;

For punitive damages;

### ON ALL CAUSES OF ACTION

For the costs of suit incurred herein; and

For such other and further relief as the Court may deem just and proper up to the maximum amount of $50,000,000.00 allowed by this common law court for the injuries suffered by Counter-plaintiff as a direct and proximate result of Defendants unconscionable acts and reckless disregard for the law.

TRIAL BY JURY WITH ARTICLE III COURT DEMANDED

_____
Thomas-James: Brown-Bey ©®™

[15216] Carlisle Street

Detroit, Michigan [48205]

Non-Domestic without US

### VERIFICATION OF COMPLAINT

STATE OF MICHIGAN

COUNTY OF WAYNE

    BEFORE ME personally appeared Thomas-James: Brown-Bey who, being by me first duly sworn and identified in accordance with Michigan law, deposes and says:
1. My name is Thomas-James: Brown-Bey.
2. I have read and understood the attached foregoing complaint filed herein, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

Thomas-James: Brown-Bey, Affiant
All unalienable rights reserved

SWORN TO and subscribed before me _____, Notary Public, this ___ day of _____ 2018.

_____
Notary Public

My commission expires:

## CERTIFICATE OF SERVICE

UNDER PENALTY OF PERJURY, I, Thomas-James: Brown-Bey hereby certify that a copy of the foregoing documents listed below have been filed in the Superior Court for Wayne County Michigan, and mailed via USPS Certified Mail in a sealed envelope on or about this ___ day of _____, 2018 to the following recipients:

1. Counter-complaint for Fraud and Abuse of Process

Cassandra Childress, POLICE $ FIRE RETIREMENT SYSTEM PAYMASTER
~~1441 St. Antoine St.~~ 500 WOODWARD, STE 3000
Detroit, MI 48226          Cert Mail # 7014 0510 0000 1190 5039

Lisa Patterson
~~1441 St. Antoine St.~~ 1270 PONTIAC Rd.
~~Detroit,~~ MI 48226   Pontiac      Cert Mail # 7014 0510 0000 1190 5046

~~WAYNE COUNTY SHERIFF~~ Police & Fire Retirement System
David Cetlinski, ~~Sheriff~~ Director
4747 Woodward Ave.
Detroit, MI 48226          Cert Mail # 7015 1730 0000 4708 4140

CITY OF DETROIT
Mike Duggan, MAYOR
City of Detroit Risk Management
2 Woodward Ave., Ste. 802
Detroit, MI 48226          Cert Mail # 7015 1730 0000 4708 4157

Bill Schutte,
Attorney General
STATE OF MICHIGAN
525 W. OTTAWA ST.
Lansing, MI 48909         Cert Mail # 7015 1730 0000 4708 4164

_____
Thomas-James: Brown-Bey

State of Michigan         )
                          ) ss.       JURAT
County of Wayne           )

On this ____ day of _____, 2018, before me, _____, a Notary Public in and for the above state and county, personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person(s) who attested and subscribed to the within document, as true, correct, complete and not misleading. Witness my hand and seal this ____ day of _____, 2018.

_____
Notary Public         Seal