UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE THOMAS-JAMES BROWN-BEY,<br><br>Plaintiff. | Case No. 2:20-mc-50804-LJM<br>           2:20-mc-50813-LJM-EAS<br>           2:20-mc-51107-LJM-APP<br><br>Honorable Laurie J. Michelson |

**ORDER DISMISSING CASE AND**
**WARNING PLAINTIFF OF INJUNCTION AGAINST FILING**

Starting about three months ago, in July 2020, Thomas-James Brown-Bey began filing documents in the Eastern District of Michigan. These documents include a notice of common law lein, a notice of judges and officials' oath, a request under the Freedom of Information Act, a jurisdictional challenge with affidavit, a legal notice and demand (with reference to the Moorish National Republic), and a notice of felony template. As a result of these filings, the Clerk of Court has opened five miscellaneous cases (20-mc-50795, 20-mc-50804, 20-mc-50805, 20-mc-50813, 20-mc-51107), three of which have been assigned to the undersigned (20-mc-50804, 20-mc-50813, 20-mc-51107).

The Court will dismiss its three cases for lack of subject-matter jurisdiction. The Court is not able to discern any remotely plausible federal cause of action in any of the three cases. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (providing that dismissal of a federal claim for lack of subject-matter jurisdiction is proper where claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy"). And the Court cannot tell who should be defendants in these cases

or the defendants' citizenship, and so Brown-Bey has also not invoked diversity jurisdiction under 28 U.S.C. § 1332. So all three of these cases will be dismissed.

Additionally, the Court warns Brown-Bey that his continued filing of indecipherable documents that do not adhere to this Court's filing requirements and do not come close to stating a viable cause of action may lead to the undersigned or another judge enjoining (i.e., stopping) Brown-Bey from filing in this District without first obtaining permission to do so. Since July 2020, Brown-Bey has filed no less than 40 documents. These have required time and effort of the Clerk of Court to process and docket. They have also required the time and effort of judges and their staff to review. While Brown-Bey has a right to seek redress in this District, he is not permitted to inundate the District with indecipherable documents.

If Brown-Bey believes he has a viable claim, he should set out that claim in short and plain language. *See* Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain . . . *a short and plain statement of the claim* showing that the pleader is entitled to relief." (emphasis added)). There is a "Complaint for a Civil Case" form available on the District's website at http://www.mied.uscourts.gov/index.cfm?pageFunction=formList. Indeed, that same website has an entire section devoted to "representing yourself," including a "How to File a Lawsuit Handbook." http://www.mied.uscourts.gov/.

SO ORDERED.

Dated: October 22, 2020

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE